## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| WILLIAM L. ROLLINS, | ) |
| | ) No.: |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff William L. Rollins, by and through his attorneys, and for his Complaint against Defendant United States of America alleges:

1. Plaintiff William L. Rollins (hereinafter "Plaintiff") is now and was at all times herein mentioned a citizen of the United States and resident of St. Peters, Missouri, located within the Eastern District of Missouri.

2. Plaintiff received medical care and treatment at the Veterans Administration Medical Center, John Cochran Division ("VA Hospital") located in St. Louis, Missouri, within the Eastern District of Missouri.

3. This is a claim under the Federal Tort Claims Act ("FTCA"), pursuant to 28 U.S.C. §1346 (b) and 28 U.S.C. §2671 et seq. for personal injuries sustained by Plaintiff.

### Jurisdiction

4. Plaintiff alleges that agents, servants, and employees of the VA Hospital negligently treated Plaintiff, causing personal injuries and damages, as more fully set forth below.

5. Plaintiff alleges that the agents, servants, and employees were acting within their scope of employment for the United States Government when they negligently treated Plaintiff, causing personal injuries and damages, as more fully set forth below.

6. The acts and omissions of the Department of Veterans Affairs and/or the Department of Health and Human Services were those of its agents, servants, and employees who were acting in the scope and course of their agency, service, and employment for Defendant

7. On or about September 15, 2016, Plaintiff filed an administrative Federal Tort Claim regarding Plaintiff's personal injuries which was within two years after the claim occurred pursuant to 28 U.S.C. §2401 (b). A copy is attached hereto as Exhibit 1 and incorporated herein by reference.

8. On or about March 29, 2017, the U.S. Department of Veterans Affairs notified counsel for Plaintiff that Plaintiff's Federal Tort Claim was being denied. A copy of the correspondence denying this claim is attached hereto as Exhibit 2 and incorporated herein by reference.

9. Plaintiff now timely files this suit pursuant to 28 U.S.C. §2675 (a).

10. Jurisdiction of this Court is founded upon the provisions of 28 U.S.C. §1346 (b)(1) and 28 U.S.C. §2671 et seq.

## Venue

11. Venue is proper in the United States District Court, Eastern District of Missouri, pursuant to 28 U.S.C. § 1402(b) in that St. Louis, Missouri is within the judicial district of the Eastern District of Missouri, and Plaintiff resides in and was first injured in the Eastern District of Missouri.

## General Allegations

12. On October 6, 2014, Plaintiff underwent a left Achilles tendon debridement with a plantar augmentation at the VA Hospital under the care of Dr. Lawrence Evans.

13. Prior to this October 6, 2014 procedure Plaintiff had a history of prostate cancer.

14. Following the October 6, 2014 procedure Plaintiff was instructed to be strict non-weight bearing in a splint fixed in plantarflexion for at least two weeks.

15. On October 21, 2014, Plaintiff appeared at a follow-up appointment to have his stitches removed and was transitioned from the splint to a walking boot.

16. Following the October 21, 2014 appointment, Plaintiff was using a knee scooter and crutches but was still unable to put weight on the limb at issue.

17. At no time relevant to the October 6, 2014 procedure was Plaintiff prescribed any prophylactic anti-thrombotic medication for prevention of deep vein thrombosis.

18. Following the October 21, 2014 appointment Plaintiff began having episodes of shortness of breath and lightheadedness.

19. On November 14, 2014 Plaintiff lost consciousness in his home, fell and hit his head, and was taken to Barnes-Jewish Hospital, St. Peters ("Barnes Hospital").

20. At Barnes Hospital on November 14, 2014 an echocardiogram was performed which documented an enlarged right heart, right ventricular dysfunction and a high concern for pulmonary emboli.

21. On November 14, 2014 a CT scan, pulmonary emboli protocol, was performed which found extensive filling defect within the distal left and right main pulmonary arteries and secondary and tertiary pulmonary artery branch vessels to both upper and lower lobes and right middle lobe consistent with extensive acute pulmonary embolus.

22. On November 15, 2014, a bilateral lower extremity venous duplex ultrasound was done which documented acute deep vein thrombosis distal left superficial femoral vein through the left popliteal vein and the left posterior tibial vein.

23. During Plaintiff's admission to Barnes Hospital, an inferior vena cava filter as placed to prevent further pulmonary emboli and he was placed on a heparin drip.

24. Plaintiff was discharged from Barnes Hospital, on November 23, 2014 with diagnoses of: (1) extensive bilateral pulmonary emboli; (2) syncope secondary to his bilateral pulmonary emboli; (3) extensive deep vein thrombosis status post inferior vena cava filter; and (4) forehead laceration.

25. Following his discharge from Barnes Hospital, Plaintiff was place on Coumadin therapy for more than a year.

26. Plaintiff has been instructed he will require daily aspirin for the rest of his life as the thrombus in his leg is permanent.

## Count I: Medical Malpractice

COMES NOW Plaintiff for Count I of his Complaint against Defendant, states as follows:

27. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs one through twenty-six as though fully set forth herein.

28. During the course of Plaintiff's medical care and treatment by Defendant, Defendant owed a duty to Plaintiff to use that degree of skill and learning ordinarily used by skillful, careful, and prudent members of the medical profession in providing medical services.

29. Defendant breached its duty to Plaintiff and were thereby negligent in failing and omitting to adequately and properly treat Plaintiff in the following respects, to wit:

    a. Defendant failed to take a proper medical history prior to performing the October 6, 2014 procedure on Plaintiff;

    b. Defendant failed to comply with the standard of care used in a left Achilles tendon debridement with a plantar augmentation;

    c. Defendant failed to properly plan for Plaintiff's medical history that put him at risk for developing blood clots;

    d.    Defendant lacked the appropriate experience and training to perform a left Achilles tendon debridement with a plantar augmentation;

    e.    Defendant failed to take measures to prevent the development of blood clots;

    f.    Defendant failed to prescribe prophylactic anti-thrombotic medication following the October 6, 2014 procedure;

    g.    Defendant failed to provide proper treatment after Plaintiff left the VA Hospital;

    h.    Defendant failed to monitor Plaintiff post-operatively following the October 6, 2014, procedure;

    i.    Defendant failed to monitor Plaintiff following the October 23, 2014, follow-up office visit;

    j.    Defendant failed to appropriately assist and follow-up with Plaintiff; and

    k.    Such other and further acts and omissions as the evidence and discovery will reveal.

30. As a direct and proximate cause of the negligence of Defendant, Plaintiff sustained permanent injuries; he has suffered severe pain and discomfort and will continue to suffer pain and discomfort in the future; his ability to work, labor and enjoy the ordinary pursuits of life has been permanently impaired and diminished; he has suffered mental and emotional anguish, frustration, anxiety and depression, and will continue to suffer the same in the future.

31. As a direct and proximate result of the aforesaid occurrences, the negligence of Defendant, and the resulting injuries, Plaintiff was required to undergo medical, rehabilitative, and diagnostic care and treatment and was caused to incur or become indebted for such medical care and treatment, and he will require further care and treatment in the future for which he will become further indebted.

32. Attached hereto as Exhibit 3 is a letter of merit from B. Sonny Bal, M.D. at the University of Missouri School of Medicine, Department of Orthopaedic Surgery, 1100 Virginia Ave., Columbia, Missouri, 65212, pursuant to R.S. Mo. §538.225.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendant, for his costs expended, and for such other relief as is just and reasonable.

Date: April 14, 2017

        Respectfully Submitted,
        **ROSSITER & BOOCK, LLC**

By:   /s/ Jamie L. Boock
       Jamie L. Boock, #50912
       Zachary R. Pancoast, #49651
       124 Gay Avenue
       St. Louis, MO 63105
       314-754-1500
       314-863-5151 (facsimile)
       jboock@rossiterboock.com
       zpancoast@rossiterboock.com
       *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 14, 2017, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Carrie Costantin
United States Attorney
Federal Courthouse
111 S. 10th Street, 20th Floor
St. Louis, MO 63102

                                                  /s/ Jamie L. Boock