UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM L. ROLLINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:17-CV-01662 PLC |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) ) |

**DEFENDANT'S PRE-TRIAL BRIEF**

COMES NOW Defendant, United States of America, by and through Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Steven K. Luther, Assistant United States Attorney for said district, and in accordance with the Case Management Order [Doc. #8], submits the following pre-trial brief:

**I.    INTRODUCTION**

Plaintiff alleges that Defendant, through its agency the Department of Veterans Affairs, was negligent in failing to prescribe higher-level anticoagulants following Plaintiff's Achilles tendon repair in October 2014 despite the existence of several risk factors that allegedly placed Plaintiff at a higher risk of a thromboembolic event, *i.e.*, a deep vein thrombosis (DVT) or pulmonary embolism (PE). Defendant denies that it was negligent and instead contends that the decision to prescribe aspirin as a post-surgical anticoagulant was within the standard of care in October 2014. Moreover, Defendant denies the nature and extent of Plaintiff's alleged damages.

**II.   SUMMARY OF FACTS**

Defendant incorporates the parties' Joint Stipulation of Undisputed Facts as if set forth fully herein.

Williams Rollins presented to the Department of Veterans Affairs throughout 2014 with complaints of chronic pain to his left Achilles tendon. His medical history included three prior Achilles tendon injuries, all more than twenty years prior, and prostate cancer, in remission since 2011. Mr. Rollins had a BMI over 30 and was 61 years old at the time. Mr. Rollins indicated in March 2014 that despite application of heat, ice, and balms, his left leg ached from mid-calf to just above the heel. He had trouble stretching it and walked with a limp. An MRI revealed tendinopathy, but no acute rupture.

Dr. Lawrence Evans, in conjunction with resident physician Dr. Jonathon Backus, recommended surgical debridement, lengthening, and repair of the left Achilles tendon. Mr. Rollins was apprised of the risks, benefits, and alternatives of the procedure—including the possibility of DVT or PE—and elected to go forward with the surgery. Mr. Rollins signed a consent form prior to surgery confirming his understanding of these risks. On October 6, 2014, Dr. Evans and Dr. Backus performed the surgery without any immediate complication. Mr. Rollins was discharged with a prescription for aspirin 325 mg twice per day, which was not for pain relief, but rather to act as a prophylactic anticoagulant to prevent DVT or PE. Rollins was told not to bear weight until seven weeks postoperatively and was given crutches. His left leg was immobilized.

Approximately two weeks after surgery, Mr. Rollins was transitioned to a CAM boot and began taking short walks. He noticed shortness of breath on these walks. This persisted for several weeks. On November 14, 2014, Mr. Rollins lost consciousness in his home, striking his head on the bathroom floor. He was taken by ambulance to Barnes-Jewish Hospital St. Peters, where he was admitted on suspicion of pulmonary embolism. Imaging studies confirmed the PE and Mr. Rollins was placed on anticoagulant therapy. He also had an inferior vena cava ("IVC")

filter placed to prevent further PE. He was discharged on November 23, 2014 and placed on regular Coumadin therapy, which continued for more than a year. He currently requires daily aspirin and will for the rest of his life. The blood clot in his leg is still present, though it may break up and dissolve over time.

**III.   LIABILITY**

This is an action under the Federal Tort Claims Act (FTCA). The FTCA provides that the government "shall be liable [for tort claims] . . . in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Liability for tort claims is thus "generally determined by reference to state law." *Molzof v. United States*, 502 U.S. 301, 305 (1992). To sustain a claim for medical malpractice, Missouri law requires a plaintiff to establish (1) an act or omission of defendant that failed to meet the requisite medical standard of care, (2) that the act or omission was performed negligently, and (3) a causal connection between the act or omission and the injury sustained. *Prosser v. Nagaldinne*, 927 F. Supp. 2d 708, 728-29 (E.D. Mo. 2013).

Plaintiff will offer the testimony of Sonny Bal, M.D., who contends that the VA was negligent in failing to prescribe a higher-level prophylactic anticoagulant to Mr. Rollins following his surgery. Dr. Bal contends that Mr. Rollins history of prostate cancer, recent surgery, immobilization following surgery, and weight meant that he had a sufficiently increased risk for DVT or PE following his Achilles tendon repair. Had the VA prescribed a higher-level prophylactic anticoagulant, such as Lovenox, Dr. Bal contends that Mr. Rollins PE would not have occurred.

Defendant will offer the testimony of Mahesh Bagwe, M.D., a board-certified orthopedic surgeon specializing in foot and ankle procedures, to establish that the VA acted in compliance

with the standard of care at all times with regard to Mr. Rollins' treatment. Specifically, Dr. Bagwe will testify that the risk factors identified by Dr. Bal were not sufficient to require a higher-level anticoagulant, and that aspirin was the appropriate prophylactic. Dr. Bagwe will also discuss the additional risks posed by the anticoagulants themselves, which must be balanced against the risk factors for DVT and PE. Because the VA providers were not negligent in the treatment of Mr. Rollins, they cannot be held liable for his injuries related to a known complication of the procedure.[1]

## IV.   DAMAGES

### A.   Medical expenses

Mr. Rollins was treated at the VA initially, and any such care is paid for directly by the United States with no specific charge to the veteran.

Subsequently, Plaintiff was treated at Barnes-Jewish Hospital in St. Peters. Plaintiff's billing records from Barnes-Jewish Hospital indicate that he was billed a total of $53,593.97 for this treatment. However, this care was covered through both Medicare and TRICARE, and approximately $38,000 was written off as a contractual adjustment as part of those programs. Under Missouri law, a plaintiff is entitled to recover the actual cost of medical care or treatment in a medical malpractice claim. Section 490.715 of Missouri Revised Statutes defines actual cost of medical care of treatment as

> a sum of money not to exceed the dollar amounts paid by or on behalf of a plaintiff or a patient whose care is at issue plus any remaining dollar amount necessary to satisfy the financial obligation for medical care or treatment by a health care provider after adjustment for any contractual discounts, price reduction, or write-off by any person or entity.

---

[1] Defendant will not offer any expert testimony to refute Plaintiff's arguments related to causation. Defendant concedes that Plaintiff's pulmonary embolism more likely than not occurred as a result of the Achilles tendon repair.

As such, Mr. Rollins' claim for damages relating to his care must be reduced by the amount that was written off by Barnes-Jewish as a contractual adjustment pursuant to its relationship with Medicare and TRICARE.[2]

### B.   Loss of earnings

Mr. Rollins was 61 years old at the time of the incident and was retired. As such, he is not making any claim for loss of past or future earnings.

### C.   Non-economic damages

Non-economic damages include pain and suffering, loss of capacity to enjoy life, loss of household services, and other damages not readily quantifiable. Mr. Rollins claims several of these types of damages, including ongoing fatigue, inability to engage in household chores, and chronic pain. Defendant disputes the nature and extent of these damages.

## V.   CONCLUSION

At trial, Plaintiff will not be able to establish that Defendant violated the relevant standard of care, and as a result Defendant is entitled to judgment in its favor. Even if Plaintiff can establish Defendant's liability, his damages are limited to only the amount actually paid by his subsequent treating providers, plus any noneconomic damages he can establish that were more likely than not attributable to Defendant's negligence.

---

[2] Mr. Rollins also had a few other minor bills related to treatment at other providers. Those bills also appear to have been paid through Medicare and TRICARE and would thus be subject to the same reduction for contractual adjustments.

- 6 -

DATE:  September 30, 2019            Respectfully submitted,

                                                 JEFFREY B. JENSEN
                                                 United States Attorney

                                                 *s/ Steven K. Luther*
                                                 Steven K. Luther  #266570CA
                                                 Assistant United States Attorney
                                                 Thomas F. Eagleton U.S. Courthouse
                                                 111 South Tenth Street, 20th Floor
                                                 St. Louis, MO 63102
                                                 (314) 539-3892 – *telephone*
                                                 (314) 539-2287 – *facsimile*
                                                 steven.luther@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 30, 2019, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

| | |
|---|---|
| Jamie L. Boock<br>ROSSITER & BOOCK, LLC<br>124 Gay Avenue<br>St. Louis, MO 63105<br>(314) 754-1500 – *telephone*<br>(314) 863-5151 – *facsimile*<br>jboock@rossiterboock.com | ***Attorney for Plaintiff***<br>***WILLIAM ROLLINS*** |

                                      */s/ Steven K. Luther*
                                      STEVEN K. LUTHER